UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY, | CASE NO. 3:17-cv-05833-RJB |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS |
| v. | |
| AMAZON.COM; GOOGLE.COM; INC., BARNES AND NOBLES.COM; EBAY.COM; and TRAFFORD PUBLISHING COMPANY, | |
| Defendants. | |

This matter comes before the Court on Defendant eBay, Inc.'s Motion to Dismiss (Dkt. 27), Defendant Barnes and Noble, Inc.'s Motion to Dismiss (Dkt. 29), Defendant Trafford Publishing Company's ("Trafford") Motion to Dismiss (Dkt. 30), Defendant Amazon.com Inc.'s Motion to Dismiss (Dkt. 31), and Defendant Google, LLC's Motion to Dismiss (Dkt. 32). The Court has considered the motions and the remainder of the record herein.

This case arises from the Defendants' alleged sale of Plaintiff's books. Dkt. 5. Defendants now move for dismissal of the claims asserted against them pursuant to Fed. R. Civ.

P. 12. Dkts. 27 and 29-32. For the reasons provided below, their motions should be granted.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

On October 13, 2017, Plaintiff, at the time a prisoner in the Pierce County, Washington Jail, filed this case *pro se*, moved to proceed *in forma pauperis* ("IFP"), and provided a proposed complaint asserting that the Defendants infringed on the copyrights he has on his books and violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, ("RICO"). Dkts. 1 and 5. He also makes reference to fraud. *Id.* Plaintiff seeks several million dollars in damages. *Id.* This is one of several cases the Plaintiff has filed regarding his books. *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB; *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834; and *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871.

According to the Complaint in this case, Plaintiff authored three books: *Through the Eyes of a Gangster*, *Through the Eyes of a Gangster II*, and *Wildflower – An Urban Tale* that were "published through Trafford." Dkt. 5, at 4. In this Complaint, Plaintiff asserts that Trafford "has a forged, fraudulent contract" for *Wildflower – An Urban Tale*, "signed by some unknown person, with non-existent address . . . with a phone number Plaintiff has never had." *Id.* He maintains that this "bogus, illegal contract authorizes international sales of all three books." *Id.* The Plaintiff alleges that all of the books' copyrights belong to him, and the "theft, unlawful distribution of all three of these copyrighted materials, done nationally and

internationally by Defendants in a continuous 'covert operation' designed to deprive Plaintiff of the royalties from sales of all three books since 2006." *Id.* The Plaintiff alleges that he has "proof of numerous sales from Defendants' websites." *Id.,* at 5.

## B. PLAINTIFF'S OTHER CASES RELATED TO THE SALE OF HIS BOOKS

On June 14, 2017, Plaintiff, while a prisoner in the Pierce County, Washington Jail, proceeding IFP, filed a breach of contract case against Trafford, who he alleges failed to pay him royalties on the three books that he wrote. *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; Dkt. 7. An Answer to the Complaint (Dkt. 28) was filed for Trafford, and the parties are engaging in discovery (Dkt. 46).

On August 30, 2017, Plaintiff filed another case against Defendants Amazon and Google asserting they committed copyright infringement when Plaintiff's books were sold on their website. *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB, Dkt. 1-1. On January 18, 2018, Defendants Amazon and Google's motions to dismiss pursuant to Fed. R. Civ. P. 12 were granted and the case was dismissed with prejudice. *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB, Dkt. 27.

On August 30, 2017, Plaintiff filed a case against Ebay.com, asserting that Ebay.com committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 1-1. Plaintiff sought injunctive relief and several million dollars in damages in that case. *Id*. Ebay.com moved to dismiss the claims asserted against it, in part, based on Plaintiff's failure to show that his books are registered with the U.S. Copyright Office; the

motion was granted and the case was dismissed with prejudice on January 8, 2018. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 25.

On October 13, 2017, (the same day the instant case was filed) Plaintiff also filed a case against "Barnes and Nobles," moved for IFP, and provided a proposed complaint asserting that Defendant "Barnes and Nobles" committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834, Dkts. 1 and 1-1. Plaintiff also makes reference to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, ("RICO"). *Id*. Plaintiff sought several million dollars in damages. *Id.* Barnes and Noble's motion to dismiss was granted, Plaintiff's claims have been dismissed and the case is closed. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834, Dkt. 20.

On October 25, 2017, Plaintiff filed *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, moved for IFP, and provided a proposed complaint again asserting that Defendant "Barnes and Nobles" committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkts. 1 and 1-1. Plaintiff again made reference to RICO violations. *Id.* Plaintiff sought injunctive relief and several million dollars in damages. *Id.* His motion for IFP was denied because the case was duplicative of the other cases he had already filed. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkt. 4. After being given an opportunity to pay the filing fee if he wished to continue with the case, the case was dismissed for failure to pay the filing fee. *Casterlow-Bey v.*

*Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkt. 5.

**C. PROCEDURAL HISTORY**

Defendant eBay now moves to dismiss the claims asserted against it, arguing that (1) Plaintiff's claims are subject to dismissal for the same reasons set forth in this Court's order dismissing *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkts. 21 and 25; (2) Plaintiff has again not sufficiently plead facts to support his RICO and fraud claims, and so they should be dismissed, and (3) Plaintiff's RICO claim is preempted by Section 230 of the Communications Decency Act ("CDA") 47 U.S.C. § 230. Dkt. 27.

Defendants Amazon, Google, Barnes and Noble, and Trafford move to dismiss this case on the same, or similar, grounds. Dkts. 29-32.

The Court issued a notice to Plaintiff, as a *pro se* litigant, regarding Defendants' motions to dismiss under Fed. R. Civ. P. 12 (b), and discussed Plaintiff's obligations, if he intended to oppose the motions. Dkt. 41.

The pending motions were filed on December 29, 2017 (Dkt. 27) and January 2, 2018 (Dkts. 29-32). Due to Plaintiff being released from jail, he was granted two extensions of time to respond to the motions to dismiss. Dkts. 41 and 48.

Plaintiff's responses were due March 12, 2018. Dkt. 48. Plaintiff filed a response on March 13, 2018, which was not docketed in the file until March 15, 2018. Dkt. 52.

In his response, Plaintiff asserts that he owns copyrights to *Through the Eyes of a Gangster* and *Through the Eyes of a Gangster II* in Canada, maintains that the "Defendants still make a mockery of this court, the entire criminal justice system, as well as the Plaintiff's personal constitutionally guaranteed rights by continuously and in open deviance [sic], continue

to traffic in stolen property, *i.e*. Plaintiff's copyrighted material." Dkt. 52, at 1-2. Plaintiff asserts that the Defendants have used the legal system to evade the "true issue" of whether they are "involved with national and international sales of Casterlow-Bey books knowingly and without compensating him in royal [sic] payments." Dkt. 52, at 3. He requests that the "court order a trial . . . and prays that legal issues in dispute will be resolved at a jury trial." *Id*. He then files several pages of attachments which appear to be images from internet websites. Dkt. 52, at 5-19.

Defendants filed another round of replies (Dkts. 53-57). The motions are now ripe for review.

## II. DISCUSSION

### A. PLAINTIFF'S LATE FILED PLEADING

Plaintiff's response to the motions to dismiss was due on March 12, 2018. In an effort to fully and fairly consider the issues raised, the Court will consider Plaintiff's response, which was filed one day late.

### B. MOTION TO DISMISS 12 (b)(1) STANDARD

A complaint must be dismissed under Fed. R. Civ. P.12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to

dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### C. COPYRIGHT INFRINGMENT AND SUBJECT MATTER JURISDICTION

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "A district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." *Corbis Corp., v. Amazon. com, In*c., 351 F.Supp.2d 1090, 1112, 77 U.S.P.Q.2d 1182 (W.D.Wash. 2004); *Safeair, Inc. v. Airtran Airways, Inc*., 09-5053RJB, 2009 WL 801754, at *2 (W.D. Wash. Mar. 25, 2009).

As the undersigned noted in orders dismissing three other cases, Plaintiff does not allege that he has certificates of registration from the Copyright Office on any of his books in his complaint. A review of the records of the U.S. Copyright Office shows that only one book, *Wildflower*, is registered with the U.S. Copyright Office to Plaintiff Gary Casterlow-Bey; with the registration number: TXu001644896; date: 07-31-2009. Pursuant to Federal Rule of Evidence 201 (b)(2), a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The "court may take judicial notice on its own" . . . but if the "court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Federal Rule of Evidence 201 (c)(1) and (e). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008).

To the extent that Plaintiff makes a claim for copyright infringement against Defendants for any book other than *Wildflower,* the claim should be dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1). Moreover, this is the fourth time Plaintiff has been informed of this burden, and he has again failed to provide evidence of certificates of registration. Plaintiff cannot simply rely on his own allegations to demonstrate that the Court has subject matter jurisdiction.

Plaintiff asserts that he has copyrights in Canada on *Through the Eyes of a Gangster* and *Through the Eyes of a Gangster II*. Dkt. 52. "It is well settled that the [U.S.] Copyright Act does not apply extraterritorially." *Los Angeles News Serv. C. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 990-91 (9th Cir. 1998). Plaintiff makes no showing that he can assert a claim to enforce an extraterritorial copyright under the U.S. Copyright Act, 17 U.S.C. § 106, or some other U.S. statute. He makes no showing that this Court has jurisdiction over such a claim. Plaintiff's claims for copyright infringement against Defendants for *Through the Eyes of a Gangster* and *Through the Eyes of a Gangster II* should be dismissed.

**D. MOTION TO DISMISS 12 (b)(6) STANDARD**

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*

*v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### E. COPYRIGHT INFRINGMENT - FAILURE TO STATE A CLAIM

Under the Copyright Act, copyright owners have the exclusive right to do or authorize the following:

> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publically;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright

holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

To the extent he makes them, Plaintiff's claims for copyright infringement against all Defendants should also be dismissed for failure to state a claim on which relief can be granted. Aside from failing to establish that he is a copyright holder for any book other than *Wildflower*, Plaintiff has failed to allege sufficient facts that any Defendant violated at least one of the rights granted under § 106. He does not give any details – only non-specific allegations that the Defendants sold his books.

Again, the "Copyright Act does not apply extraterritorially." *Los Angeles News Serv. C. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 990-91 (9th Cir. 1998). Plaintiff's assertions that *Through the Eyes of a Gangster* and *Through the Eyes of a Gangster II* have copyrights in Canada (Dkt. 52) are unhelpful. To the extent Plaintiff asserts copyright claims for violations outside the United States, on any of his books, his claims should be dismissed.

F.  **RICO – FAILURE TO STATE A CLAIM**

To state a claim for a civil RICO claim, a plaintiff allege that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)(*citing* 18 U.S.C. §§ 1962(c), 1964(c)).

Plaintiff's RICO claim should be dismissed without prejudice for failure to state a claim. Plaintiff fails to identify any RICO predicate acts, but just incorporates his prior allegations. Such "shotgun" pleading is insufficient to plead a RICO claim. *See Graf v. Peoples*, 2008 WL

4189657, at *6 (C.D. Cal. Sept. 4, 2008). Defendants' motions should be granted and the RICO claims dismissed.

### G. FRAUD – FAILURE TO STATE A CLAIM

Under Washington law, there are nine essential elements of fraud:

> (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage.

*Elcon Const., Inc. v. E. Washington Univ.*, 174 Wn.2d 157, 166 (2012). Fed. R. Civ. P. 9 (b), Pleading Special Matters, provides, in part, "Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

To the extent Plaintiff asserts claims for fraud, they should be dismissed for failure to state a claim and for failure to plead fraud with particularity. Plaintiff fails to plead any facts which would support his claim of fraud against any of the Defendants and certainly does not do so with particularity. Plaintiff's bare assertion that they committed "fraud," is insufficient; he doesn't plead any of the nine elements of the claim based on Amazon's, Google's, Barnes and Noble's, eBay's, or Trafford's actions. Their motions to dismiss the fraud claim should be granted.

### H. LEAVE TO AMEND AND CONCLUSION

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

At this stage, it is absolutely clear that no amendment can cure the defects in Plaintiff's Complaint. In two other cases, Plaintiff was notified of the deficiencies in the complaints (which are the same deficiencies here against some of the same Defendants here) and given leave to amend. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkts. 21 and 25; and *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB, Dkts. 25 and 27. He did not do so in either case, and so the cases were dismissed with prejudice. *Id.* Further, Plaintiff did not respond to Barnes and Noble's motion to dismiss Plaintiff's claims for copyright infringement and RICO violations in *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834. (The grounds for the motion to dismiss there were the same or similar to the issues raised in this case and in *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkts. 21 and 25; and *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB.) Accordingly, case number 17-5834 was dismissed with prejudice. Defendants have filed separate replies in this case each time the motions to dismiss were ripe for review or where, due to Plaintiff's late filings, Defendants assumed Plaintiff was not going to respond. Dkts. 44-47; 49-51 and 53-57. Plaintiff has been given multiple warnings and has failed to address the basic deficiencies in any of his complaints, including the one filed in this case. Accordingly, Plaintiff should not be given leave to amend. The claims should be dismissed with prejudice and the case closed.

### III. ORDER

It is **ORDERED** that:

- Defendant eBay, Inc.'s Motion to Dismiss (Dkt. 27), Defendant Barnes and Noble, Inc.'s Motion to Dismiss (Dkt. 29), Defendant Trafford Publishing

Company's Motion to Dismiss (Dkt. 30), Defendant Amazon.com Inc.'s Motion to Dismiss (Dkt. 31), and Defendant Google, LLC's Motion to Dismiss (Dkt. 32) **ARE GRANTED;**

- Plaintiff's claims **ARE DISMISSED WITH PREJUDICE**.
- This case **IS CLOSED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of March, 2018.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge